UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OCEAN REEF CLUB, INC.,
a FLORIDA Corporation

      Plaintiff,

v.                                                         CASE NO: 1:11cv023744

1130 COLLINS, LLC,
A FLORIDA Limited Liability Company

      Defendant.
_____/

## COMPLAINT
### INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff, OCEAN REEF CLUB, INC., a Florida Corporation, sues Defendant, 1130 COLLINS, LLC, a FLORIDA Limited Liability Company, for Trademark Infringement and Unfair Competition under the Federal Trademark Statute and other causes of action and alleges:

### PARTIES

1.     Plaintiff, Ocean Reef Club, Inc. ("OCEAN REEF" or "Plaintiff"), is a corporation duly organized under the laws of the State of Florida with its principal place of business at 35 Ocean Reef Drive, Key Largo, Florida 33037.

2.     Defendant, 1130 Collins, LLC ("Defendant"), is a limited liability company duly organized under the laws of the State of Florida operating a hotel under the name **OCEAN REEF HOTEL** with its principal place of business at 1130 Collins Avenue, Miami Beach, FL 33139.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338, as well as supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant pursuant to Florida Statute § 48.193 because the Defendant is organized under Florida law, regularly engages in and conducts business in Florida, actively solicits business in Florida, and committed tortious acts in Florida.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Southern District of Florida; (b) the Defendant may be found in the Southern District of Florida; and (c) Defendant has a sufficient connection with the Southern District of Florida to make venue proper in this district, all as alleged in this Complaint.

## NATURE OF ACTION

6. This is an action for trademark infringement, unfair competition and false designation of origin under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§1051 *et seq*.) and related causes of action under the laws of the State of Florida, arising from the use by Defendant of the phrase **OCEAN REEF HOTEL** in violation of Plaintiff's rights in its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF."

## BACKGROUND

7. Plaintiff offers a wide variety of services, including accommodation services, in connection with its marks **OCEAN REEF, OCEAN REEF CLUB** and variations on the words "Ocean Reef." See Exhibit 1 attached hereto.

2

8. Plaintiff has been continuously offering and selling services in connection with the marks **OCEAN REEF CLUB** since 1945 and **OCEAN REEF** and other related marks that include the words "OCEAN REEF" in the United States for many years.

9. Plaintiff owns the following valid and subsisting US. trademark registrations, see Exhibit 2 attached hereto:

| Reg. No. 1,286,426 | **OCEAN REEF CLUB** |
| Reg. No. 1496114 | **OCEAN REEF** |
| Reg. No. 1,913,264 | **OCEAN REEF CLUB** |
| Reg. No. 2,473,630 | **THE OCEAN REEF PRESS** |
| Reg. No. 3,566,932 | **OCEAN REEF CLUB** |
| Reg. No. 3,566,933 | **OCEAN REEF CLUB** |
| Reg. No. 3,617,329 | **OCEAN REEF CLUB A UNIQUE WAY OF LIFE** |
| Reg. No. 3,628,471 | **OCEAN REEF CLUB A UNIQUE WAY OF LIFE** |
| Reg. No. 3,566,959 | **OCEAN REEF CLUB** |

10. Plaintiff has invested a significant amount of time and money in advertising and developing its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" for many years. It regularly advertises, including in publications with national circulation, like *The New Yorker*, *The Wall Street Journal*, *The New York Times*, and *Forbes*, as well as in many travel magazines and travel related websites. Representative samples of Plaintiff's advertising are attached as Exhibit 3.

3

11. Plaintiff has spent considerable sums of money in establishing the reputation of its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" as an indicator to customers of the source of Plaintiff's high-quality accommodation services.

12. Plaintiff has developed goodwill and secondary meaning in its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" through use, promotion, and sales as well as through third-party national recognition.

13. Consumers throughout the United States and the public in general, have come to recognize the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" as identifying a single particular source, which is Plaintiff, and that the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" designate services originating from Plaintiff.

## GENERAL ALLEGATIONS

14. Defendant is offering accommodation services in connection with the name and mark **OCEAN REEF HOTEL** in Miami Beach, Florida.  See Exhibit 4 attached hereto.

15. Defendant is using the **OCEAN REEF HOTEL** mark without Plaintiff's permission and with knowledge of Plaintiff's prior use and ownership of the **OCEAN REEF** marks in the same line of business.

16. Defendant is using the **OCEAN REEF HOTEL** mark to create actual confusion with the services of Plaintiff offered under its marks, all inuring to Defendant's unearned benefit and to the detriment of Plaintiff.

17. Defendant's use of the **OCEAN REEF HOTEL** mark to solicit customers for its accommodations services is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, in that the public is likely to believe that Defendant's services are

4

provided by, sponsored by, approved by, licensed by, affiliated with, or in some way legitimately connected with Plaintiff, or indeed are Plaintiff's services, all to Plaintiff's irreparable harm. As such, this use infringes upon the intellectual property rights of Plaintiff.

18. Because of the likely confusion as to the source of Defendant's services resulting from Defendant's use of the **OCEAN REEF HOTEL** mark, Plaintiff's goodwill in its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "**OCEAN REEF**" has been and will continue to be damaged.

19. On information and belief, Defendant's infringing conduct was and is undertaken intentionally, willfully, and with wanton disregard of Plaintiff's earlier rights.

20. As a result of Defendant's misconduct, Plaintiff has retained the law firm of Holland & Knight LLP and is obligated to pay a reasonable fee for the firm's services.

21. All conditions precedent to bringing this action have occurred or been waived.

## COUNT I
(Infringement of a Federally Registered Trademark under § 32 of the Lanham Act)

22. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 U.S.C, and more particularly, 15 U.S.C. §§1114-18, inclusive.

24. Plaintiff owns United States trademark registrations for the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF."

25. Defendant's use of Plaintiff's registered marks for its accommodations services is without Plaintiff's approval or authorization.

26. Defendant is using the **OCEAN REEF HOTEL** mark in connection with the sale and offering for sale of services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such products or services.

27. Defendant's conduct has created and will continue to create confusion among the members of the relevant consuming public as to the source of Defendant's products and services, and vice versa, and will cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

28. Plaintiff has been damaged by Defendant's infringement of its registered marks.

## COUNT II
(False Designation of Origin/Unfair Competition under § 43(a) of the Lanham Act)

29. Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

30. This Count arises under §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

31. The marks **OCEAN REEF CLUB, OCEAN REEF** and other related marks that include the words "OCEAN REEF" have become uniquely associated with and identify Plaintiff's services.

32. By the acts complained of herein, Defendant intentionally engaged and continues to engage in conduct that constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

33. Defendant's unauthorized use of the **OCEAN REEF HOTEL** mark, false designation of origin, and false or misleading descriptions or misrepresentations of fact were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the services, or commercial activities of Defendant by Plaintiff. Defendant's acts tend to represent

falsely that Defendant's hotel is legitimately connected with Plaintiff or emanates from or is authorized, sponsored, or approved by Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Defendant's infringing conduct has caused irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

35.     Plaintiff has suffered damages as a result of Defendant's violation of 15 U.S.C. § 1125(a).

## COUNT III
(Common Law Trademark Infringement)

36.     Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

37.     The Defendant's acts constitute trademark infringement in violation of the common law of the State of Florida, because the intent and result of Defendant's acts is a "palming off" of Defendant's services as emanating from or being endorsed by Plaintiff, thereby enhancing the commercial value and reputation of Defendant's services.

38.     Upon information and belief, Defendant plans to continue, and presently is continuing, the use of the **OCEAN REEF HOTEL** mark in connection with its accommodations services that are marketed to a class of persons who are within the class of persons for Plaintiff's services and, unless restrained by this Court, Defendant will continue to infringe on the common law trademark rights of Plaintiff

39.     Defendant's wrongful acts constitute common law trademark infringement.

40.     Defendant's acts are, and will continue to be, greatly and irreparably damaging to Plaintiff in the future unless enjoined by this Court. Accordingly, Plaintiff has no adequate remedy at law.

## COUNT IV
(Common Law Unfair Competition)

41. Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

42. As described more fully herein, Defendant's wrongful acts constitute common law unfair competition in that said acts:

(a) enable and will continue to enable Defendant to obtain the benefit of and trade on Plaintiff's goodwill;

(b) damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over Defendant's operation of Defendant's accommodations business; and

(c) cause and have caused and are likely to continue to cause confusion, mistake, or deception in the mind of the public.

43. Defendant's wrongful acts have greatly and irreparably damaged Plaintiff and will continue to greatly and irreparably damage Plaintiff unless enjoined by this Court. Accordingly, Plaintiff has no adequate remedy at law.

## COUNT V
(Unjust Enrichment)

44. Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

45. Defendant has willfully infringed upon the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" for its own commercial benefit and enrichment without compensation to Plaintiff by copying the **OCEAN REEF** marks and using them in connection with its hotel business.

46. As a result, Defendant has unjustly profited from the goodwill and reputation associated with the **OCEAN REEF** marks upon which Defendant unlawfully infringed.

Accordingly, Plaintiff seeks a full accounting and recovery from Defendant for the benefits and profits Defendant has unjustly received.

## COUNT VI
(Permanent Injunction)

47. Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

48. Defendant's use of the **OCEAN REEF HOTEL** Mark is likely to cause confusion, mistake, and deception because the public will believe Defendant is associated with Plaintiff or authorized to use the **OCEAN REEF** marks.

49. Unless the Court intervenes to restrain and enjoin Defendant from using its confusingly similar mark, Defendant will continue to use the **OCEAN REEF HOTEL** mark.

50. Such activities will cause Plaintiff to be irreparably harmed, and will deprive Plaintiff of its protected interest in the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" and the accumulated goodwill generated by Plaintiff's promotion, advertising, and sale of its services.

51. Plaintiff has no adequate remedy at law to rectify the harm to its marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" resulting from Defendant's unauthorized use of the **OCEAN REEF HOTEL** mark.

52. The entry of permanent injunctive relief will not adversely affect any third-parties and will further the public interest by eliminating the confusion, deception, infringement, and the like, as described herein.

53. By reason of the foregoing, Defendant should be permanently restrained and enjoined from interfering with the rights of Plaintiff in its OCEAN REEF marks.

## RELIEF REQUESTED AS TO ALL COUNTS

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a) That Defendant, its agents, officers, servants, employees and affiliates, and all those persons in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from:

(1) Using the **OCEAN REEF HOTEL** mark, or any other mark confusingly similar to the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF" alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote, advertise or identify Defendant's services;

(2) Otherwise infringing the marks **OCEAN REEF, OCEAN REEF CLUB** and other related marks that include the words "OCEAN REEF;"

(3) Using misleading advertising to suggest endorsement by Plaintiff of Defendant's services when no such endorsement exists; and

(4) Causing a likelihood of injury or injury to business reputation of Plaintiff's distinctive marks;

b) Pursuant to 15 U.S.C. §§ 1114, 1117 and the common law, Plaintiff be awarded its damages, Defendant's profits, and Plaintiff's attorneys' fees and costs, and that this award of damages be trebled;

c) That as to Count V, Plaintiff be awarded damages in an amount sufficient to compensate for Defendant's use and unjust enrichment through its misleading advertising and that Defendant be required to provide a full accounting of the benefits and profits Defendant has unjustly received;

    d)      That Defendant be required to recall and deliver up and destroy all literature, advertising, promotional materials and other material bearing the **OCEAN REEF HOTEL** mark or any other confusingly similar term or terms; and

    e)      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Dated: October 14, 2011

Respectfully submitted,

PLAINTIFF OCEAN REEF CLUB, INC.

*By its Counsel,*

s/Matthew Zimmerman
Matthew Zimmerman (FBN 11484)
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone: 561-650-8302
Facsimile: 561-650-8399
Email: matthew.zimmerman@hklaw.com

#10635116_v1